Filed 9/15/23  P. v. Perez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JULIO PEREZ,<br><br>    Defendant and Appellant. | B319874<br><br>(Los Angeles County Super. Ct. No. TA087610-02) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Spolin Law, Aaron Spolin, and Jeremy Cutcher for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, and Charles S. Lee and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Julio Perez (defendant) of, among other things, two counts of first degree murder for his participation in the fatal shooting of two gas station convenience store employees in 2006. After intervening changes in law defining murder, defendant petitioned for resentencing under former Penal Code section 1170.95, now codified at Penal Code section 1172.6.[1] Relying on the evidence presented at defendant's murder trial, the trial court found defendant was a major participant in the murders who acted with reckless indifference to human life and denied the section 1172.6 petition. We are asked to decide whether the trial court should have done more to specify the burden of proof it was applying when it made its findings in connection with the section 1172.6 petition.[2]

## I. BACKGROUND

### A. The Offense Conduct[3]

In July 2006, defendant was the driver in an attempted robbery at an AM/PM gas station convenience store. Co-

---

[1]  Undesignated statutory references that follow are to the Penal Code.

[2]  Defendant also hints at a claim that insufficient evidence supports the trial court's major participant and reckless indifference findings, though he says the point is "in many respects irrelevant" to the issue he asks us to decide. As we will explain, hints described as irrelevant are insufficient to present a question for resolution.

[3]  Our description of the offense conduct draws on this court's unpublished opinion in defendant's previous appeal. (*People v. Julio Perez and Eric Sanford* (May 7, 2010, B211015) [nonpub.

defendant Adam Loza (Loza) was also present, as were their younger brothers. While defendant was waiting outside in a vehicle, Loza's younger brother brought a 12-pack of beer to the mini mart's register. When the clerk would not sell him the beer because he looked too young, a fight broke out between the clerk and the two brothers until other gas station employees were able to break up the fight.

Roughly six months later, in November 2006, defendant, Loza, and co-defendant Eric Sanford (Sanford) attempted to rob a Mobil gas station mini market. Two gas station clerks, Eduardo Roco and Esther Arteaga, were killed in the process.

On the evening of the attempted robbery and murders, defendant, Loza, and others were driving around in an SUV and drinking beer when defendant stopped to pick up Sanford. He got into the front passenger seat of the vehicle while holding a gun, said he had just shot someone in the head, and urged defendant to drive away before the police arrived. Defendant laughed off the comment, and Sanford then stowed the gun in a compartment in the back of the SUV. After running out of beer, defendant, Sanford, and Loza discussed doing a "beer run," a term used for when someone goes into a liquor store, grabs an 18 pack of beer, and runs out without paying.

Around 4 a.m., the group pulled into a 24-hour Mobil gas station that had a mini market on the premises. Defendant, Loza, and Sanford got out of the vehicle and, as seen on later obtained surveillance video footage, congregated at the back of

opn.] ("*Perez I*").) The Attorney General asked us to take judicial notice of the opinion and appellate record in that appeal and this court granted the request.

the SUV. Defendant opened the back of the vehicle, handed a gun to Sanford, and gave Loza an article of clothing to use to cover his face. Sanford and Loza then walked to the mini mart while defendant got back in the driver's seat of the vehicle and kept the engine running.

When Sanford and Loza returned to the vehicle about three minutes later, Loza was crying and said, "'He just shot him, he just shot him.'" Sanford told defendant he killed the two market clerks because they refused to give him money and he wanted to prevent them from being witnesses against him. Defendant then drove away with everyone in the vehicle and told Sanford to stash the gun used in the killings in the vehicle's back compartment.

### B. Arrest, Trial, and Sentencing

The police arrested defendant, Loza, and Sanford after the Mobil gas station killings. The Los Angeles County District Attorney charged them with two counts of murder and two counts of attempted robbery. Multiple murder and robbery-murder special circumstances were alleged in connection with the murder charges. Defendant alone was also charged with a third count of attempted robbery for the aborted beer incident earlier in July 2006.

After trial, the jury convicted defendant on all charges. The jury found the multiple murder special circumstance not true and could not reach a verdict on the robbery-murder special circumstance. The trial court sentenced defendant to two consecutive terms of 25 years to life in prison for the murders, imposed and stayed sentences for the corresponding attempted robbery convictions, and imposed a concurrent determinate

4

sentence for the 2006 attempted robbery conviction. This court affirmed the judgment, with modifications, on direct appeal.

### C.      *Defendant's Resentencing Petition*

In 2019, defendant filed a petition for resentencing under section 1172.6. The trial court summarily denied the petition. Defendant appealed, and in November 2020, we reversed with directions to appoint counsel and redetermine the matter. (*People v. Perez* (Nov. 24, 2020, B300470) [nonpub. opn.].) On remand, the trial court issued an order to show cause and scheduled a hearing on the petition.

Before the hearing, defendant filed a pre-hearing memorandum urging the trial court to "require the People to prove every element of liability for murder under the amended statutes beyond a reasonable doubt." Also before the hearing, the Legislature amended section 1172.6 to place on the prosecution the burden of showing that a petitioner is "guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019" and to require a court deciding whether a defendant is entitled to relief under the statute to make its determination using the beyond a reasonable doubt standard of proof. (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) The statutory amendments, which became effective before the hearing on defendant's petition, further provide that "[a] finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

At the hearing on defendant's petition in February 2022, neither the prosecution nor defendant (who was represented by counsel) presented new evidence. After defendant's attorney notified the court there were no additional witnesses, the following exchange between the attorney and the court took place:

> [Counsel:] "We're just submitting on the pleading, your honor, which is the petition and the reply to the People. And we're ready to proceed. [¶] I believe the OSC is the People's burden to prove beyond a reasonable doubt the—under the circumstances—that defendant was a major participant or acted with reckless indifference in this case.
>
> The Court: That's true. And on September 18th, 2008, the court sentenced the petitioner to a total of 52 years to life for the murders, robberies, and the sex allegations. [¶] He appealed it. The case was affirmed. He—subsequently, it was directed back to the court for modification so that it was 50 years to life."

After the hearing, the trial court issued a minute order denying defendant's 1172.6 petition. The court found defendant was a major participant in the attempted robbery who acted with reckless indifference to human life. The court explained "all factors were met with the evidence presented at trial, as fully reflected in the notes of the official court reporter."

When making its finding on the record that defendant was a major participant, the trial court expressly addressed each of the five factors articulated in *People v. Banks* (2015) 61 Cal.4th

6

788 (*Banks*).[4]  Discussing what role the defendant played in planning the attempted robbery, the trial court focused on the difference between the events that occurred on the night of the fatal shootings and the July 2006 attempted robbery.  The court also considered the presence of the gun and how defendant gave Loza a shirt to use to cover his face.  The court observed:  "That doesn't sound like a beer run.  That sounds like a robbery in planning. . . .  [¶]  [H]e went out there, hid someone's face, handed a gun back to a guy who said he just shot someone in the face.  So he had a role in that."  The court also found that defendant supplied the lethal weapon when he handed the gun to Sanford.

The trial court further determined that defendant was aware of the particular danger posed by the nature of the crime because he gave Sanford the gun after having been at the previous attempted robbery where physical force was used.  Although the trial court found defendant was not at the scene of the killings in the sense of being inside the convenience store, the court did find defendant was in a position to facilitate the actual murders because he handed the gun to Sanford.  Additionally, the

---

[4]     The factors in *Banks* include defendant's role in "planning the criminal enterprise that led to one or more deaths"; defendant's role in supplying or using lethal weapons; defendant's awareness of "particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants"; defendant's presence at the scene of the killing and, if present, whether defendant was in a position to facilitate or prevent the actual murder and whether defendant's actions or inaction played a particular role in the death; and defendant's actions after lethal force was used. (*Banks*, *supra*, 61 Cal.4th at 803.)

trial court found defendant played a particular role in the deaths because he "hand[ed] the gun over to someone who goes and uses it to kill someone" and then, after the use of lethal force, helped the shooter escape.

## II.  DISCUSSION

The record reveals the trial court applied the correct burden of proof when making its finding that defendant was a major participant who acted with reckless indifference to human life.  This conclusion flows not just from the customary presumption that a trial court is aware of and applies governing law, but also from the court's consideration of the pre-hearing submissions filed by the parties and the court's "that's true" comment on the record when defense counsel said the beyond a reasonable doubt standard of proof applied.

### A.      *The Trial Court Applied the Correct Burden of Proof*

As our summary of the factual and procedural background has already revealed, by the time of the trial court's ruling on defendant's section 1172.6 petition the law was established that the court's ruling must be based on the beyond a reasonable doubt standard of proof.  The general rule in such circumstances is equally well-established: "'a trial court is presumed to have been aware of and followed the applicable law. [Citations.]'" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)  Following this general rule alone would justify affirmance because there is no contrary evidence providing reason to suspect the trial court applied the wrong burden of proof.

In fact, there is more: the record affirmatively indicates the trial court knew of and applied the beyond a reasonable doubt

standard of proof when deciding defendant's section 1172.6 petition. The defense's pre-hearing memorandum submitted to the court argued the beyond a reasonable doubt standard of proof applied and the prosecution did not contend otherwise. In addition, defense counsel at the hearing reiterated the point, that the prosecution must prove major participation and reckless indifference beyond a reasonable doubt, and the trial court agreed, stating, "That's true." It is accordingly obvious, even without the customary presumption, that the trial court committed no legal error in deciding defendant's section 1172.6 petition.

### B. Defendant Has Not Adequately Presented a Challenge to the Sufficiency of the Evidence

To properly present a question for resolution on appeal, certain basic things must be done. The rules of court require a party's brief to "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority" as well as "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); see also *People v. Roscoe* (2008) 169 Cal.App.4th 829, 840 [rules of court promote fairness to respondents and "'lighten the labors of the appellate [courts] by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass'"].) Case law similarly requires arguments to be clearly presented and

9

adequately developed for resolution; if not, they are forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 [argument forfeited because it was neither presented in a separate heading nor developed with reasoned argument and citation to authority].)

Here, defendant's opening brief states—without any heading indicating it is a separate ground raised for reversal—that "[i]t must also be noted, though this is in many respects irrelevant given the Superior Court's failure to set forth the burden of proof[,] that the prosecution fell far short of satisfying its burden." That does not suffice to properly raise an issue; indeed, we take counsel at his word that the point is largely irrelevant. Any challenge to the sufficiency of the evidence is accordingly forfeited.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.          MOOR, J.

10